Delmar COOPER, Appellant,

v.

Richard BOWERS, D.O., Respondent.

No. WD 37734.

Missouri Court of Appeals,
Western District.

Feb. 25, 1986.

Delmar Cooper, pro se.

Patricia D. Perkins, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, C.J., and SHANGLER and KENNEDY, JJ.

CLARK, Chief Judge.

Appellant, a prisoner at the Missouri State Penitentiary, filed a medical malpractice suit against respondent, the chief medical officer at the institution. On motion by respondent, the trial court dismissed the case and this appeal followed.

Appellant alleged in his petition that he had been receiving medication for pain resulting from shotgun pellets permanently lodged near his spine. On a date in April, 1985, according to the petition, respondent ordered the medication discontinued with the consequence that appellant suffered withdrawal symptoms and thereafter, pain and suffering which the medication had otherwise alleviated. Appellant charged that respondent's action constituted negligence and deliberate indifference because the order discontinuing the medication was given without an examination of appellant by respondent to determine the necessity for the drug or the consequences of its discontinuance.

Respondent moved to dismiss the petition on the ground that he enjoyed official immunity from suit as a public employee. The trial court sustained the motion and dismissed appellant's case without stating a reason. Because official immunity was the only basis for dismissal asserted in respondent's motion, it is assumed the dismissal was granted on that ground.

The doctrine of official immunity applies to a public official or a public employee when the official makes decisions or performs acts in the exercise of the sovereign's power in governing. *State ex rel. Eli Lilly & Co. v. Gaertner*, 619 S.W.2d 761, 765 (Mo.App.1981). Immunity de-

pends on the legal and factual circumstances involved and whether the act in question is discretionary or ministerial. A judgment making act is discretionary and is cloaked with immunity whereas a ministerial act is not. *Oberkramer v. City of Ellisville,* 650 S.W.2d 286, 295 (Mo.App.1983).

■ The *Eli Lilly* case, *supra,* involved a medical malpractice suit against physicians employed by the state to treat persons confined in state mental institutions. The cause of action was based on the administration of drugs to plaintiffs' decedent. In response to the physicians' claims of official immunity, the *Eli Lilly* court held immunity not to apply. A physician, even though an employee of the state, does not perform a governing function involving the exercise of sovereign power when he treats patients. The physician provides the same services to patients in state institutions as he does in practice in the private sector. As the court stated at 765:

"Shielding officials for decisions other than those made in the exercise of the sovereign's power which go to the essence of governing, extends the doctrine of official immunity beyond its original intent to promote smooth and effective government."

It is correct, as respondent argues, that the choice of prescribing medical treatment for appellant is a discretionary act and under the ministerial act/discretionary test, the conduct of appellant here in discontinuing appellant's medication does lie within the discretionary act immunity qualification. As the *Eli Lilly* case held, however, acts not within the area of conduct partaking of the "essence of governing" do not qualify for official immunity regardless of whether they be ministerial or discretionary. The decision here is controlled by the *Eli Lilly* case and necessitates reversal of the dismissal order.

The judgment dismissing appellant's case is reversed and the cause is remanded for further proceedings.

All concur.